NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MAGLA PRODUCTS, L.L.C., :
:
        Plaintiff, :
:
        v. : Civil Action No. 06-0115 (PGS)
:
RICHARD F. CHAMBERS and : OPINION
BIG TIME PRODUCTS, L.L.C., :
:
        Defendants. :

**SHERIDAN, U.S.D.J.**

This matter comes before this Court on the motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), by Defendants Richard F. Chambers ("Chambers") and Big Time Products, L.L.C. ("Big Time"), or, in the alternative, the motion to dismiss pursuant to the doctrine of *forum non conveniens*. For the reasons set forth below, the motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2) will be granted as to Big Time and will be denied as to Chambers. The motion to dismiss for *forum non conveniens* will be denied.

## BACKGROUND

Plaintiff Magla Products, L.L.C. ("Magla") is a New Jersey limited liability company. Magla employed Chambers as its Vice-President of Sales from 1993 until 2004. On February 28, 2000, Chambers and Magla executed an employment agreement (the "Agreement"). The Agreement contains, inter alia, a non-compete clause, a non-solicitation clause, a confidentiality clause, and a forum selection clause designating New Jersey as the forum for disputes. (Glatt Aff. Ex. C). In

2004, Chambers left Magla and went to work for Big Time, a Georgia limited liability company with a principal place of business in Georgia. (Pierce Aff. Ex. A).

The instant action, originally filed in New Jersey Superior Court, was removed to federal court on January 9, 2006, based on diversity jurisdiction. In brief, Magla's Complaint alleges that Chambers has breached the Agreement since going to work for Big Time, and that Big Time has induced Chambers to breach.

## LEGAL STANDARD

### I. The law of personal jurisdiction

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2), the plaintiff has the burden of proof since "[o]nce it is challenged, the burden rests upon the plaintiff to establish personal jurisdiction." *Gen. Elec. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). When considering personal jurisdiction, the court must accept as true allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff, however, the plaintiff cannot rely on pleadings alone and must provide actual proofs. FED. R. CIV. P. 12(b)(2); see also *Ameripay L.L.C. v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004). Once the plaintiff has made a prima facie case in favor of jurisdiction, the burden shifts to the defendant to show that assertion of jurisdiction would be unreasonable. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992).

The Third Circuit has established this inquiry into personal jurisdiction:

> [T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution. In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process. This being the case, the New Jersey Supreme Court has made it clear

that New Jersey courts look to federal law for the interpretation of the limits on in personam jurisdiction.

*IMO Indus. v. Kiekert AG*, 155 F.3d 254, 258-259 (3d Cir. 1998) (internal citation omitted).

The Supreme Court set forth the fundamental principle of federal personal jurisdiction in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) -- "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." The Supreme Court articulated the minimum contacts test for personal jurisdiction in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985): the requirements of due process are "satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Moreover, the requirement of contact with the forum is satisfied if the defendant should have "reasonably anticipate[d] being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).

The Supreme Court has outlined two types of personal jurisdiction: specific jurisdiction and general jurisdiction. Specific jurisdiction may be established when the defendant has at least "a single deliberate contact" with the forum state and that the cause of action "relates to" or "arose out of" that contact. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). What constitutes minimum contacts for specific jurisdiction varies with the "quality and nature of defendant's activity." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state, although the contacts

need not relate to the claim. *Helicopteros*, 466 U.S. at 416. To establish general jurisdiction, the foreign party must have "significantly more than mere minimum contacts" with the forum state. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987). General jurisdiction requires "a very high threshold of business activity." *Compagnie de Bauxites de Guinee v. Ins. Corp. of N. America*, 651 F.2d 877 n.2 (3d Cir. 1981).

## DISCUSSION

I.  **Defendants' motion to dismiss for lack of personal jurisdiction**

   A.  <u>Personal jurisdiction over Chambers</u>

   To resolve the issue of this Court's personal jurisdiction over Chambers, this Court first looks to the forum selection clause in ¶ 18 of the Agreement. This Court finds that the clause is enforceable and determinative.

   "[U]nlike some jurisdictional bars, personal jurisdiction can be waived by the parties." *Insurance Corp. of Ireland v. Compagnie de Bauxites de Guinee*, 456 U.S. 694, 704 (1982). A valid forum selection clause signed by a party would be an effective waiver of jurisdiction for that party. *Burger King*, 471 U.S. at 473 n.14. Although a valid selection clause is not necessarily dispositive, it is entitled to substantial consideration. *Cadapult Graphic Systems Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995)).

   The Agreement states in relevant part:

   Subject to the preceding two (2) sentences[1], the parties consent to the exclusive jurisdiction

---

[1] The two sentences referred to here state that conflicts between the parties, except those arising from paragraphs 16 and 17, shall be settled through arbitration. Paragraph 16 titled "Restriction on Competition" and paragraph 17 titled "Remedy for breach" are the parts of the

4

>of the Superior Court of the State of New Jersey (Morris County), or any other court of competent jurisdiction located in the State of New Jersey, and expressly waive any objections as to venue in any of such courts, for all purposes including for purposes of exercising the rights contained in paragraphs 16 and 17. . .

(Glatt Aff. Ex. C at ¶ 18).

In *Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986), the Third Circuit held that, where a forum selection clause will influence a personal jurisdiction question, the validity of that clause as an element of the parties' agreement is evaluated under state law. New Jersey follows these principles in the validity analysis:

>Generally, forum selection clauses are prima facie valid and enforceable in New Jersey. New Jersey courts will decline to enforce a clause only if it fits into one of three exceptions to the general rule: (1) the clause is a result of fraud or 'overweening' bargaining power; (2) enforcement would violate the strong public policy of New Jersey; or (3) enforcement would seriously inconvenience trial.

*Caspi v. Microsoft Network*, 323 N.J. Super. 118, 122 (N.J. Super. Ct. App. Div. 1999). Defendants argue that Magla fraudulently procured the forum selection clause and that enforcement of the clause would seriously inconvenience the trial. (Defs.' Br. in Supp. 8-10).

In order to set aside a forum selection clause due to fraud, the defendants must show that "inclusion of that clause in the contract was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974). "[T]he proper inquiry is whether the forum selection clause is the result of fraud in the inducement of the [forum-selection] clause itself." *MoneyGram Payment Sys. v. Consorcio Oriental, S.A.*, 65 Fed. Appx. 844, 847 (3d Cir. 2003). Defendants have not alleged fraud in the inducement of the forum-selection clause itself.

Defendants also contend that enforcement of the forum selection clause would seriously inconvenience the trial. Defendants contend primarily that potential witnesses located in Georgia

---

Agreement relating to Magla's claims. (Glatt Aff. Ex. C).

5

could not be made to testify at trial in New Jersey. (Defs.' Br. in Supp. 9-10). Arguably, the same issue arises for the potential witnesses located in New Jersey if this action were brought in Georgia. Witnesses and documentary evidence are likely to be located in both states. Moreover, as Plaintiff observes, difficulties regarding production of non-party witnesses is insufficient under New Jersey law to invoke the exception: "The latter exception does not apply in cases where geographic distance merely inconveniences production of non-party witnesses; rather, it is reserved for the situation where trial in the contractual forum will be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of his day in court." *Copelco Capital v. Shapiro*, 331 N.J. Super. 1, 4 (N.J. Super. Ct. App. Div. 2000). Defendants do not argue that enforcement of the forum selection clause will prevent them from having their day in court.

The parties do not dispute that Magla and Chambers are parties to a contract with a forum selection clause. Chambers has failed to persuade this Court that the forum-selection clause is a result of fraud or 'overweening' bargaining power, that enforcement would violate the strong public policy of New Jersey, or that enforcement would seriously inconvenience trial. This Court finds that the forum selection clause is valid and enforceable.

The presumption to enforce a forum selection clause only applies, however, when the dispute arises from the contract containing the clause. *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 293 (3d Cir. 1994). Defendants argue that Magla's claims for tortious interference, unjust enrichment, and breach of duty of loyalty do not arise from the Agreement and, therefore, New Jersey has no jurisdiction over these claims. (Defs.' Br. in Supp. 10). Although only one of Magla's claims is a breach of contract theory, all of the claims involve allegations arising out of the Agreement and implicate the terms of the Agreement. See *Crescent Intern., Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944-45 (3d Cir.1988) (finding that "pleading alternate non-

contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relationship and implicate the contract's terms."); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir. 1983) (finding that forum selection clause applies to related tort claims as well as to contract claims). The narrow interpretation suggested by the Defendants would thereby "permit avoiding a forum selection clause by simply pleading non-contractual claims in cases involving the terms of a contract containing the parties' choice of forum." *Crescent*, 857 F.2d at 945.

This Court concludes that Plaintiff has established that the forum selection clause determines jurisdiction for all claims. The forum selection clause is valid, enforceable, and grants this Court personal jurisdiction over Chambers. Chambers' motion to dismiss for lack of personal jurisdiction is denied.

B.   Personal jurisdiction over Big Time

To establish this Court's personal jurisdiction over Big Time, Plaintiff must establish either specific or general jurisdiction. Magla contends that both are present.

Specific jurisdiction may be found if Big Time has had such contacts with New Jersey for it to have reasonably anticipated being haled into court here. *World-Wide Volkswagen*, 444 U.S. at 297. It does not. Big Time is a Georgia company. (Pierce Aff. Ex. A). Big Time has no offices or employees in New Jersey. They do not have a business license, telephone, bank account, or office in New Jersey. Chambers was hired by Big Time in Georgia to work in Georgia.

To support the claim for tortious interference against Big Time, Magla argues that Big Time knew of the existence of the Agreement and its terms, and that Big Time induced Chambers to breach it and induced him to poach customers from Magla. Therefore, Magla contends, Big Time should have reasonably anticipated possible litigation in New Jersey. (Pl.'s Br. in Opp'n at 19).

This theory fails because Magla has provided no evidence to show that Big Time had knowledge of the Agreement or its terms. Such knowledge is not imputed to Big Time simply because Chambers now works for them. *See Ripa v. Owens-Corning Fiberglass Corp.*, 282 N.J. Super. 373, 405 (N.J. Super. Ct. App. Div. 1995).

Even if Big Time had knowledge of Chambers' breach and therefore should have foreseen litigation in New Jersey, Magla must also meet the second requirement for specific jurisdiction: the cause of action must arise from at least one deliberate contact with New Jersey. See *Helicopteros*, 466 U.S. at 416. This Court finds no instance of contact related to Magla's claims. Big Time's products are sold in New Jersey at various stores through distributors who are not located in New Jersey. Hence, Big Time's contacts are indirect at best. Any meetings Big Time representatives have had with Magla in New Jersey do not relate to these employment contract claims. Plaintiff has failed to meet its burden of showing that this Court has specific jurisdiction over Big Time.

Magla also argues that this Court has general jurisdiction over Big Time. While general jurisdiction can exist when the claim does not arise out of or is unrelated to the cause of action, there must be continuous and systematic contact with the forum state so that jurisdiction would not be unjust. *Helicopteros*, 466 U.S. at 416. The only possible contacts which may satisfy this standard involve the sale of Big Time's products in New Jersey.[2] As stated above, Big Time asserts that it does not ship gloves directly to retailers in New Jersey, but rather ships to out-of-state distribution centers, from which New Jersey retailers obtain the products. (Pierce Aff. ¶¶ 10, 11). The Supreme Court has stated clearly that this is insufficient to constitute a contact with the forum: "The

---

[2] Magla argues as well that, because the CEO of Big Time regularly attended meetings in New Jersey with Magla, these contacts form a sufficient basis for general jurisdiction. Absent evidence establishing the frequency and the extent of these meetings, this Court cannot conclude that this meets the Third Circuit's standard of a very high threshold of business activity.

placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 112 (1987). Magla may not rely on Big Time's placing of products into the stream of commerce to establish general jurisdiction.

This Court finds that Plaintiff has not established that Big Time has contacts with New Jersey sufficient to invoke either specific nor general jurisdiction. Big Time's motion to dismiss the Complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), is granted.

## II. Chambers' alternative motion to dismiss under forum non conveniens

In the alternative, Chambers moves to dismiss this action pursuant to the doctrine of *forum non conveniens*. Under *forum non conveniens*, a district court may decline jurisdiction in "exceptional circumstances." *Gulf Oil v. Gilbert*, 330 U.S. 501, 504 (1947). There are two steps to consider for a *forum non conveniens* analysis: 1) whether there is an adequate alternative forum in which to try the suit; and 2) weighing of public and private interest factors involved. *Id.*; see also *Lacey v. Cessna Aircraft Co. ("Lacey II")*, 932 F.2d 170, 180 (3d Cir. 1991). Generally, a court may not predicate dismissal on one single factor. *Id.* at 189. The defendant bears the burden of proving that these factors weigh heavily in favor of dismissal. *Id.* at 180. This is a heavy burden for the defendant to overcome and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508. Additionally, the Third Circuit has held that "in most cases, the plaintiff's forum choice is a paramount consideration in any determination of a transfer request." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1971).

Chambers has not met this heavy burden. While Chambers asserts that Georgia is an adequate alternative forum, he has failed to show that the private and pubic interest factors weigh heavily in favor of dismissal. Chambers contends that the private interest factors in favor of a

9

Georgia forum are access to proof and availability and cost of producing witnesses. (Defs.' Br. in Supp. 18). Chambers offers no clear explanation, however, of why any evidence located in Georgia cannot be produced in New Jersey. Nor does Chambers point to specific witnesses who have refused to testify at trial in New Jersey. As to public interests, Chambers claims that this suit is "local" to Georgia with relatively few contacts and connections to New Jersey. (Defs.' Br. in Supp. 20). Chambers fails to consider that Plaintiff is a New Jersey corporation, that the Agreement was made in New Jersey, and that both Chambers and Magla chose New Jersey as the forum for any litigation. Chambers has not met his burden of showing that the factors weigh heavily in favor of dismissal under the doctrine of *forum non conveniens*. His alternative motion to dismiss is denied.

## **CONCLUSION**

For the reasons set forth above, Big Time's motion to dismiss the Complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), is granted, and the Complaint is dismissed with prejudice as to Big Time. Chambers' motion to dismiss the Complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), as well as his alternative motion to dismiss, pursuant to the doctrine of *forum non conveniens*, are both denied.

September 29, 2006                                            PETER G. SHERIDAN, U.S.D.J.